UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DOMINIC ABEL,

    Plaintiff,

vs.                      CASE NO.:

LUCKY CORNER, INC., a Florida
For Profit Corporation, BIG
CHARLIE PIZZA PIE LLC, a Florida
Limited Liabilty Company, and
FATHI ALMOMANI, Individually,

    Defendants.    /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DOMINIC ABEL, by and through the undersigned attorney, sues the Defendants, LUCKY CORNER, INC., a Florida For Profit Corporation, BIG CHARLIE PIZZA PIE LLC, a Florida Limited Liability Company, and FATHI ALMOMANI, Individually, and alleges:

1. Plaintiff, DOMINIC ABEL, was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff, DOMINIC ABEL was an employee who worked at

Defendants' property within the last three years in Seminole and Volusia County, Florida.

3. Plaintiff, DOMINIC ABEL, worked for Defendants as an hourly paid employee.

4. Specifically, Plaintiff, DOMINIC ABEL, earned between $12.00/hour and $15.00/hour while working for Defendants.

5. Plaintiff, DOMINIC ABEL, worked as a Kitchen Manager and Cook for Defendants.

6. At all times material to this cause of action, Plaintiff, DOMINIC ABEL, was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

7. Defendant, LUCKY CORNER, INC., is a Florida For profit Corporation that operates and conducts business in Seminole County, Florida and is therefore, within the jurisdiction of this Court.

8. Specifically, LUCKY CORNER, INC. lists its principal place of business as 3385 S US HWY 17/92, Casselberry, Florida 32707. See Florida's Division of Corporation at www.Sunbiz.org

9. Defendant, BIG CHARLIE PIZZA PIE LLC, is a Florida Limited Liability Corporation that operates and conducts business in Volusia County, Florida and is therefore, within the jurisdiction of this Court. See Florida's Division of

Corporation at www.Sunbiz.org

10. Specifically, BIG CHARLIE PIZZA PIE LLC lists its principal place of business as 2433 South Woodland Blvd., Suite 111, Deland, Florida 32720

11. Defendants, LUCKY CORNER, INC., and BIG CHARLIE PIZZA PIE LLC both operate as "Anthony's Pizza".

12. Indeed, Defendants' website states "Now two locations to serve you" while listing the addresses from paragraphs 8 & 10. See www.PapaAnthonysPizza.com

13. Defendants, LUCKY CORNER, INC. and BIG CHARLIE PIZZA PIE LLC, utilize the same website to advertise menu items, specials, locations and contact information, among other information shared between the two businesses.

14. Defendants, LUCKY CORNER, INC. and BIG CHARLIE PIZZA PIE LLC, routinely shared products and food materials between both entities when one is short. For instance, if one Defendant was low on napkins or marinara sauce, the other will lend those items to the other.

15. Plaintiff, DOMINIC ABEL, was employed to perform the same or similar duties for Defendants regardless of which location he worked.

16. By virtue of the above, Defendants, LUCKY CORNER, INC. and BIG CHARLIE PIZZA PIE LLC, is a joint enterprise under the Fair Labor Standards Act.

17. At all times relevant to this action, FATHI ALMOMANI was an

individual resident of the State of Florida, who owns and operates LUCKY CORNER, INC., and who regularly exercised the authority to: (a) hire and fire employees of LUCKY CORNER, INC.; (b) determine the work schedules for the employees of LUCKY CORNER, INC., and (c) control the finances and operations of LUCKY CORNER, INC.. By virtue of having regularly exercised that authority on behalf of LUCKY CORNER, INC., FATHI ALMOMANI is/was an employer as defined by 29 U.S.C. § 201, et seq.

18. At all times relevant to this action, FATHI ALMOMANI was an individual resident of the State of Florida, who owns and operates BIG CHARLIE PIZZA PIE LLC, and who regularly exercised the authority to: (a) hire and fire employees of LUCKY CORNER, INC.; (b) determine the work schedules for the employees of BIG CHARLIE PIZZA PIE LLC, and (c) control the finances and operations of BIG CHARLIE PIZZA PIE LLC. By virtue of having regularly exercised that authority on behalf of BIG CHARLIE PIZZA PIE LLC, FATHI ALMOMANI is/was an employer as defined by 29 U.S.C. § 201, et seq.

19. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

20. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

21. During Plaintiff's employment with Defendants, LUCKY CORNER, INC. and BIG CHARLIE PIZZA PIE LLC, earned more than $500,000.00 per year in gross sales.

22. Defendant, LUCKY CORNER, INC., employed approximately ten (10) employees and paid these employees plus earned a profit from their business.

23. Defendant, BIG CHARLIE PIZZA PIE LLC, employed approximately ten (10) employees and paid these employees plus earned a profit from their business.

24. During Plaintiff's employment, Defendants, LUCKY CORNER, INC. and BIG CHARLIE PIZZA PIE LLC, employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as pizza dough, sausage, pepperoni, national brand soft drinks, Grande brand cheese, pizza boxes, napkins, utensils, and other tools/materials used to run the business.

25. Therefore, at all material times relevant to this action, Defendants, LUCKY CORNER, INC. and BIG CHARLIE PIZZA PIE LLC, were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

26. Additionally, Plaintiff, DOMINIC ABEL, is individually covered under the FLSA.

## FLSA VIOLATIONS

27. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendants for which no provisions

were made by Defendant to properly pay Plaintiff for all overtime hours worked.

28. During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

29. Specifically, Defendants deployed a scheme wherein Plaintiff was required to work in excess of forty (40) hours per week between both LUCKY CORNER, INC and BIG CHARLIE PIZZA PIE LLC without any additional compensation for hours worked beyond forty (40) for the week.

30. Defendant, FATHI ALMOMANI, directed Plaintiff to work at both locations based on need.

31. Plaintiff is entitled to the half-time premium for all hours worked in excess of forty (40) per week.

32. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

33. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-33 above as though stated fully herein.

35. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

36. During his employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

37. Plaintiff was paid his regular rate for all hours works regardless of how many overtime hours were worked in the workweek.

38. Additionally, Defendants had a method of compensating Plaintiff weekly with a paycheck from each business entity, LUCKY CORNER, INC. and BIG CHARLIE PIZZA PIE LLC.

39. Plaintiff routinely worked in excess of forty (40) hours a week between the two Anthony's Pizza locations.

40. Defendants have failed provide accurate overtime compensation for numerous pay periods.

41. Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

42. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

43. As a result of Defendants' willful violation of the FLSA, Plaintiff is

entitled to liquidated damages.

44. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, DOMINIC ABEL demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 9th day of February, 2020

/s/ Matthew R. Gunter
Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff