UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DOMINIC ABEL,**

          **Plaintiff,**

v.                                                              Case No. 6:21-cv-278-PGB-GJK

**LUCKY CORNER, INC.; BIG CHARLIE PIZZA PIE LLC; and FATHI ALMOMANI,**

          **Defendants.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 8)
>
> **FILED:** May 5, 2021
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

On May 5, 2021, Plaintiff and Defendants jointly moved the Court to approve their settlement agreement (the "Agreement") pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice (the "Motion"). Doc. No. 8. The Court is unable to determine whether the settlement amount is reasonable, however. Under the Agreement, Plaintiff will receive

$1,500.00 as unpaid wages and an equal amount as liquidated damages. Doc. No. 8-1 at ¶ 3. Although the parties provide many good reasons for finding the settlement reasonable, there is no information in the Motion regarding the amount Plaintiff initially claimed as unpaid overtime compensation. Instead, the parties make the general assertion that Plaintiff is receiving "nearly the entire amount he could have sought at trial." Doc. No. 8 at 5. The Court is unable to determine the extent to which Plaintiff compromised his claim. Without a better explanation of Plaintiff's FLSA claim and the extent that the claim was compromised, the Court cannot assess the reasonableness of the settlement amount.

Additionally, the Agreement contains a "no re-hire" clause. Doc. No. 8-1 at ¶ 9. There is no information regarding the fairness of this prohibition. *See Garcia v. B&B Trucking Servs., Inc.*, No. 5:17-CV-111-PGB-PRL, 2017 WL 3207227, at *3 (M.D. Fla. July 12, 2017) (striking no reemployment clause in FLSA settlement where there was no information regarding its fairness, "such as whether Plaintiff would desire future employment or regarding the financial viability of Defendants" and no additional consideration was paid for this concession), *report and recommendation adopted*, 2017 WL 3193668 (M.D. Fla. July 27, 2017); *Robertson v. Ther-RX Corp.*, No. 2:09cv1010–MHT (WO), 2011 WL 1810193, at *2 (M.D. Ala.

May 12, 2011) (finding no-future-employment clause in FLSA settlement agreement inconsequential where plaintiffs did not want to work for defendants again and "because the future financial viability of this corporation is quite precarious, future employment is far from assured for anyone.").

Finally, the parties request that the Court retain jurisdiction to enforce the Agreement. Doc. No. 8 at 6. The parties essentially are requesting the Court retain jurisdiction over the case in the event a dispute arises concerning remittance of the payments. Courts in this District, however, routinely deny requests to retain jurisdiction to oversee and enforce payment plans set forth in a FLSA settlement agreement. *E.g., Correa v. Goldblatt*, Case No. 6:10-cv-1656-JA-DAB, 2011 WL 4596224 (M.D. Fla. Sept. 9, 2011); *Smither v. Dolphin Pools of SW Fla., Inc.*, Case No. 2:11-cv-65-JES-DNF, 2011 WL 2565494 (M.D. Fla. June 9, 2011). In this case, there does not appear to be any specific basis for the Court to retain jurisdiction.

Accordingly, it is **ORDERED** that the Motion (Doc. No. 8) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on May 14, 2021.[1]

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:
Counsel of Record

---

[1] Judge Smith is temporarily handling this case for Judge Kelly.